## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**MARK W. DOBRONSKI**,

  Plaintiff,

**v.**

**COMMITTEE FOR POLICE OFFICERS DEFENSE, INC.**,

  Defendant.

Case No. 1:26-cv-00581

## DEFENDANT COMMITTEE FOR POLICE OFFICERS DEFENSE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Committee for Police Officers Defense, Inc. ("CPOD"), through counsel, hereby answers, paragraph by paragraph, Plaintiff Mark Dobronski's Complaint ("Complaint"), Dkt. No. 1.

## NATURE OF ACTION

1.     CPOD denies making any unlawful calls to Plaintiff's telephone numbers and denies that Plaintiff is entitled to any relief from it.

2.     CPOD admits only that certain, later parts of its calls include modern, automated tools for quality- and cost-control reasons, but denies that it placed any unlawful calls to Plaintiff's telephone numbers using prerecorded and artificial voice.  Its practices do not violate the Telephone Consumer Protection Act. *See, e.g.*, *Howard v. Republican Nat'l Comm*., No. 23-3826, 2026 U.S. App. LEXIS 787, at \*15 (9th Cir. Jan. 13, 2026) (concluding "that Howard's complaint failed to state a claim under either § 227(b)(1)(A)(iii) or § 227(b)(1)(B)" because "[a]lthough the RNC's text message . . . *contained* a video file with an artificial or prerecorded 'voice' within the meaning of those subsections, Howard has not alleged that the RNC '*ma[d]e*'

or '*initiate[d]*' that 'call' '*using*' the artificial or prerecorded voice, as required to state a claim under the subsections.").

3.      The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

4.      CPOD denies the legal conclusion alleged in this Paragraph that it needed "Plaintiff's prior express written consent to place automated or prerecorded fundraising calls," an irrelevant construct for CPOD's non-telemarketing, live, human-initiated call to a residential line by or on behalf of a tax-exempt non-profit, and denies that its calls do not comply with the technical requirements for calls initiated with a prerecorded voice.

5.      CPOD denies the legal conclusion that its call to Plaintiff or its campaign generally "constitutes unlawful telemarketing."  *See, e.g.*, *Ashland Hosp. Corp. v. SEIU*, 708 F.3d 737, 744-45 (6th Cir. 2013) (prerecorded campaign of tax-exempt labor organization did not violate Subsection 227(b) because of its non-profit status and campaign calls not telemarketing); *Bennett v. Veterans Aid PAC, Inc*., Civil Action No. 4:21-CV-340, 2022 U.S. Dist. LEXIS 92192, at *14 (E.D. Tex. May 23, 2022) ("even if the VA for some reason does not qualify as a tax-exempt nonprofit organization, a request for donations does not constitute a telephone solicitation."); *Wengle v. DialAmerica Mktg*., 132 F. Supp. 3d 910, 919 (E.D. Mich. 2015) ("calls made by independent telemarketers on behalf of tax-exempt nonprofits [] are not subject to the rules governing telephone solicitations" in the TCPA.); *Berger v. Republican Nat'l Comm.*, Civil Action No. 4:21-CV-190, 2022 U.S. Dist. LEXIS 6173, at *9 (E.D. Tex. Jan. 12, 2022) ("Because the RNC is a political organization and the messages were political communications, Berger cannot maintain a claim against the RNC."); *Deleo v. Nat'l Republican Senatorial Comm*., Case No. 2:21-cv-03807 (BRM) (ESK), 2021 U.S. Dist. LEXIS 210858, at *21 (D.N.J. Nov. 1,

2021) ("Here, because political organizations are exempt from the Do-Not-Call-Registry's restriction, and because the Amended Complaint identifies the NRSC as a political organization, Deleo cannot maintain a claim under § 227(c) of the TCPA."); *Horton v. Nat'l Republican Senatorial Comm.*, No. 3:22-CV-1000-G-BK, 2022 U.S. Dist. LEXIS 236563, at *7 (N.D. Tex. Nov. 18, 2022) ("In any event, political organizations are exempt from the DNC registry requirement." (citation omitted)).

### PARTIES

6.     CPOD lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in this Paragraph, and therefore denies them.

7.     CPOD admits only that it is a non-stock corporation organized under the laws of the Commonwealth of Virginia, with its headquarters in Fairfax, Virginia, and a Section 527 tax-exempt political organization.

8.     Denied.

9.     The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

### JURISDICTION AND VENUE

10.    Admitted.

11.    The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

12.    The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

13.    The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

**CHOICE OF LAW**

14. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

15. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

16. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

17. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

18. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

19. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

**FACTUAL ALLEGATIONS**

**Plaintiff's Numbers**

20. CPOD lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in this Paragraph, and therefore denies them.

21. CPOD lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in this Paragraph, and therefore denies them.

22. CPOD lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in this Paragraph, and therefore denies them.

23. CPOD lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in this Paragraph, and therefore denies them.

24. CPOD lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in this Paragraph, and therefore denies them.

25. CPOD lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in this Paragraph, and therefore denies them.

26. CPOD lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in this Paragraph, and therefore denies them.

27. CPOD lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in this Paragraph, and therefore denies them.

28. CPOD lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in this Paragraph, and therefore denies them.

29. Denied.

30. CPOD lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in this Paragraph, and therefore denies them.

31. CPOD lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in this Paragraph, and therefore denies them.

32. CPOD lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in this Paragraph, and therefore denies them.

33. CPOD admits only that a third-party vendor placed a call, initiated by a live agent, to Plaintiff's -858 telephone number on January 13, 2026.

34. CPOD admits only that that call was placed from the telephone number 689-999-9980; CPOD lacks knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in this Paragraph, and therefore denies them.

35. CPOD admits only that, after the January 13, 2026 call to Plaintiff's -858 telephone number was initiated by a live agent, who began the call with human voice, the call transitioned to prerecorded content, during which Plaintiff agreed to make a pledge to CPOD, and requested that a mailer be sent to his address, which CPOD did.

36. CPOD denies that its call needed to repeat its telephone number, and denies that its prerecorded message script does not conclude, for those who allow the call to conclude, with its telephone number.

37. CPOD admits that its January 13, 2026 call to Plaintiff did not include an automated opt-out because it was not required to do so.

38. Denied.

39. CPOD lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in this Paragraph, and therefore denies them.

40. Denied.

41. Denied.

42. CPOD admits only that its lawful calls are for the purpose of soliciting donations for its political activity consistent with its Section 527 status.

43. CPOD admits only that its lawful calls are for the purpose of soliciting donations for its political activity consistent with its Section 527 status.

44. CPOD lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph regarding unidentified "critics," and therefore denies them. CPOD's webpage clearly and accurately discloses that it is a Section 527 political organization, and thus donations to it are not tax-deductible. https://committeeforpoliceofficersdefense.com ("The Committee for Police Officers' Defense is

a national political fund organized under Section 527 of IRS Tax Code. Contributions are non-charitable and not tax deductible.")

45.     The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied. CPOD incorporates the caselaw cited in Paragraph 5 above.

46.     CPOD admits only that it employs professionals and uses modern technology.  CPOD lacks knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in this Paragraph, and therefore denies them.

47.     Denied.

48.     Denied.

49.     Denied.

50.     CPOD denies making any calls to Plaintiff using prerecorded voice calls, and denies that 'prior express written consent' – a construct that only applies to certain for-profit telemarketing calls – would have applied even if it did.

51.     CPOD denies that Plaintiff did not make a pledge to contribute to CPOD, even if to promote his TCPA lawsuit business venture.

52.     The allegations contained in this Paragraph of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, denied.

53.     The allegations contained in this Paragraph of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, denied.

54.     The allegations contained in this Paragraph of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, denied.

55.     Denied.

56.     The allegations contained in this Paragraph of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, denied.

57.     The allegations contained in this Paragraph of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, denied.

58.     The allegations contained in this Paragraph of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, denied.

59.     The allegations contained in this Paragraph of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, denied.

60.     The allegations contained in this Paragraph of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, denied.

61.     The allegations contained in this Paragraph of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, denied.

62.     The allegations contained in this Paragraph of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, denied.

63.     The allegations contained in this Paragraph of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime. Therefore, no response is necessary. To the extent a response is deemed required, denied.

64.     The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

65.     The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

66.     The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

## COUNT I

67.     CPOD incorporates its responses to the allegations in the preceding paragraphs as if fully set forth here.

68.     The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

69.     The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

70.     Denied.

## COUNT II

71.     CPOD incorporates its responses to the allegations in the preceding paragraphs as if fully set forth here.

9

72.     The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

73.     The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

74.     Denied.

## COUNT III

75.     CPOD incorporates its responses to the allegations in the preceding paragraphs as if fully set forth here.

76.     The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

77.     The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

78.     Denied.

## COUNT IV

79.     CPOD incorporates its responses to the allegations in the preceding paragraphs as if fully set forth here.

80.     The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

81.     The allegations in this Paragraph do not relate to CPOD, and therefore no response is required, but to the extent a response is deemed required, denied.

82.     The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

83.     Denied.

**COUNT V**

84. CPOD incorporates its responses to the allegations in the preceding paragraphs as if fully set forth here.

85. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

86. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

87. Denied.

**COUNT VI**

88. CPOD incorporates its responses to the allegations in the preceding paragraphs as if fully set forth here.

89. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

90. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

91. Denied.

**COUNT VII**

92. CPOD incorporates its responses to the allegations in the preceding paragraphs as if fully set forth here.

93. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

94. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

95.     Denied.

## COUNT VIII

96.     CPOD incorporates its responses to the allegations in the preceding paragraphs as if fully set forth here.

97.     The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

98.     The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

99.     Denied.

## COUNT IX

100.    CPOD incorporates its responses to the allegations in the preceding paragraphs as if fully set forth here.

101.    The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

102.    The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

103.    Denied.

## COUNT X

104.    CPOD incorporates its responses to the allegations in the preceding paragraphs as if fully set forth here.

105.    The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

106. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

107. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

108. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

## COUNT XI

109. CPOD incorporates its responses to the allegations in the preceding paragraphs as if fully set forth here.

110. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

111. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

## COUNT XII

112. CPOD incorporates its responses to the allegations in the preceding paragraphs as if fully set forth here.

113. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

114. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

115. The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

116.    The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

117.    The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

118.    The allegations in this Paragraph call for legal conclusions to which no response is necessary. To the extent a response is deemed required, denied.

119.    Denied. CPOD further denies any liability to Plaintiff, and his "damages calculation" is flawed for a variety of factual and legal reasons, including that the one call to him was neither telemarketing nor made with prerecorded voice, and thus his entire claim is without merit.

## PRAYER FOR RELIEF

CPOD denies that Plaintiff is entitled to any relief from it.

## GENERAL DENIAL

All the allegations set forth in the Complaint not specifically admitted above are denied.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's claims are barred because the call at issue began with a live agent using human voice, and thus was not made or initiated using an artificial or prerecorded voice. *See Howard*, 2026 U.S. App. LEXIS 787, at *15 (holding "that Howard's complaint failed to state a claim under either § 227(b)(1)(A)(iii) or § 227(b)(1)(B)" because "[a]lthough the RNC's text message . . . *contained* a video file with an artificial or prerecorded 'voice' within the meaning of those subsections, Howard has not alleged that the RNC 'ma[d]e' or 'initiate[d]' that 'call' '*using*' the artificial or prerecorded voice, as required to state a claim under the subsections.").

2.     Plaintiff's claims are barred to the extent the call that forms the basis of the Complaint was not made with artificial or prerecorded voice within the meaning of 47 U.S.C. § 227, such that CPOD's alleged call to him, as a tax-exempt not-for-profit entity, is not actionable.

3.     Plaintiff's claims fail as a matter of fact and law as to CPOD insofar as it did not make the calls that form the basis of the putative class Complaint.

4.     Plaintiff's claims are barred to the extent the calls that form the basis of the putative class Complaint resulted from the acts or omissions of third parties who were not agents of CPOD, over whom CPOD exercised no control, and for whose conduct CPOD is not responsible.

5.     Plaintiff's claims are barred as to CPOD as it acted reasonably and with due care, and complied with all applicable statutory, regulatory, and common law requirements.

6.     Plaintiff's claims are barred to the extent he expressly consented to receive the calls that form the basis of the Complaint and did not revoke such consent or failed to utilize a reasonable method to clearly express a desire to revoke such consent.

7.     Plaintiff's claims are barred to the extent he lacks standing to assert them.

8.     Plaintiff's Counts II – XII all fail as a matter of law because CPOD's PAC-solicitation calls are not telemarketing or advertising as a matter of law, and thus none of those laws or regulations apply to such calls.  *See* Response to Paragraph 5, *supra*.

9.     An award of statutory damages violates the Due Process Clause of the United States Constitution.

10.    An award of elevated statutory damages is improper, as CPOD did not engage in any knowing or willful misconduct.

11.     Plaintiff's claims are barred by any other matter constituting an avoidance or defense on legal or equitable grounds.

## RESERVATION OF RIGHTS

CPOD reserves the right to amend this Answer and/or to assert additional defenses and/or supplement, alter, or change any of the responses set forth in this Answer in any manner upon further investigation and/or discovery.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, CPOD prays that the Complaint be dismissed with prejudice.

Dated February 20, 2026                                        Respectfully submitted,

By: /s/ *Joseph P. Bowser*
Joseph P. Bowser
ROTH JACKSON
1519 Summit Ave., Suite 102
Richmond, VA 23230
Tel:  804-441-8701
Email:jbowser@rothjackson.com

16

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2026, I electronically filed Defendant Committee for

Police Officers Defense, Inc.'s Answer to Plaintiff's Complaint with the Clerk of Court using its

CM/ECF system and sent a copy via U.S. Mail to Plaintiff.

Mark W. Dobronski
PO Box 99
Dexter, MI 48130

Respectfully submitted,

By: /s/ *Joseph P. Bowser*