UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK K. DOBRONSKI,                         Case No. 26-10220

                          Plaintiff,       F. Kay Behm
v.                                         United States District Judge

COMMITTEE FOR POLICE                       Curtis Ivy, Jr.
OFFICERS DEFENSE, INC.,                    United States Magistrate Judge

                          Defendant.
_____/

**ORDER ON APPLICATION FOR RELIEF FROM
LOCAL-COUNSEL REQUIREMENT (ECF No. 10)**

**I.     INTRODUCTION**

On January 20, 2026, Plaintiff Mark K. Dobronski filed this *pro se* action

against Defendant Committee for Police Officers Defense, Inc. in which he alleges

violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227,

as well as violations of Michigan and Florida state law.  (ECF No. 1).  The District

Judge referred all pretrial matters to the undersigned.  (ECF No. 7).  Defendant

timely filed its Answer with affirmative defenses on February 20, 2026.  (ECF No.

11).  On the same day, Defendant filed an *Application for Relief from Local-*

*Counsel Requirement* (ECF No. 10).  Defendant's application is **DENIED**.

## II.   DISCUSSION

"A person is eligible for admission to the bar of this Court if the person has been admitted to practice in a state court of record and is in good standing." *Koenemann v. Marberry*, No. 5:06-CV-10852, 2006 WL 1421527, at *1 (E.D. Mich. May 23, 2006) (citing E.D. Mich. Local Rule 83.20(c)(1)).  Eastern District of Michigan Local Rule 83.20(f)(1) specifies "[a] member of the bar of this court who appears as attorney of record in the district court and is not an active member of the State Bar of Michigan must specify as local counsel a member of the bar of this court with an office in the district."  Even so, "the Court may relieve an attorney who is not an active member of the State Bar of Michigan of the obligation to specify local counsel."  E.D. Mich. LR 83.20(f)(1).

"This Court requires strict compliance with E.D. Mich. L.R. 83.20(f)." *Crowley v. Liberty Life Assur. Co. of Boston*, No. 14-cv-11280, 2014 WL 2999288, at *5 (E.D. Mich. July 3, 2014); *see also Trs. of Iron Workers Defined Contribution Pension Fund v. Next Century Rebar, LLC*, No. 21-CV-13041, 2022 WL 90848, at *1 (E.D. Mich. Jan. 7, 2022) (citing cases).  That is because "[t]he local-counsel requirement in Rule 83.20(f) serves several important purposes." *Simmons v. TransUnion LLC*, Case No. 2:24-cv-11378, 2024 WL 2883656, at *1 (E.D. Mich. June 7, 2024).  For instance, the local-counsel rule ensures "[p]hysical proximity and accessibility for case preparation events (e.g., depositions)," "ready

availability to the court for conferences and hearings," and "familiarity with the Local Rules and the local legal culture." *Belle v. Sunbeam Prods., Inc.*, No. 09-CV-13902, 2009 WL 3757059, at *1 (E.D. Mich. Nov. 9, 2009). "The ability of the court to easily monitor and govern the behavior of its attorneys is [also] not unimportant." *Id.* That said, the Court, at times, has relieved attorneys from the requirement to obtain local counsel where good cause is shown. *See, e.g., Koenemann*, 2006 WL 1421527, at *1.

In its application for relief, Defendant contends there is good cause to excuse compliance with the local-counsel requirement because it "is a non-profit political organization with limited resources that are best deployed supporting its mission to promote and protect police officers' safety and careers, rather than engaging multiple lawyers to defend it in this action"—an action Defendant argues is meritless. (ECF No. 10, PageID.38–39). Defendant also submits that its attorney, Joseph Paul Bowser, practices TCPA litigation throughout the country, "such that issues of Michigan practice and procedure should not bear on the resolution of this matter." (*Id.* at PageID.38). Since "the vast majority of TCPA cases settle or are resolved through dispositive motions practice," the argument goes, defense counsel alone should be able to represent Defendant without prejudicing the Court or Plaintiff." (*Id.*).

3

Defendant has not shown good cause for relief from the local-counsel requirement.  To reiterate, this rule requires strict compliance.  Essentially, Defendant's position is that it should not be forced to expend resources on local counsel for a meritless case.  But whether Plaintiff's claims have merit or not is yet to be determined.  Moreover, while Defendant emphasizes Mr. Bowser's experience with TCPA litigation, it makes no reference to Plaintiff's claims under the Michigan Home Solicitation Sales Act, Mich. Comp. Laws § 445.111, *et seq.*, or Michigan Telephone Companies as Common Carriers Act, Mich. Comp. Laws § 484.101, *et seq.*, let alone the cause of action for the alleged violation of Florida state law.  And to underscore the importance of the local-counsel requirement, Local Rule 7.1(a) generally requires a movant to seek concurrence prior to filing his motion and set forth the basis for why concurrence was not obtained.  *See* E.D. Mich. LR 7.1(a).  Though Defendant styles its filing as an "application," it is essentially a motion for relief, and Defendant did not state in its filing whether it sought concurrence pursuant to Local Rule 7.1(a).

Accordingly, Defendant must comply with the local-counsel requirement and must promptly obtain local counsel.

## III.   CONCLUSION

For the reasons stated above, Defendant's *Application for Relief from Local-Counsel Requirement* (ECF No. 10) is **DENIED**.  Defendant is therefore

**ORDERED** to secure local counsel who shall be obligated to file a Notice of

Appearance **no later than March 16, 2026**.

      **IT IS SO ORDERED**.

Date: February 23, 2026          s/Curtis Ivy, Jr.
                                        Curtis Ivy, Jr.
                                        United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on the February 23, 2026, by electronic means and/or ordinary mail.

                                  s/Sara Krause
                                  Case Manager
                                  (810) 341-7850